UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


**JAMES C. BOTHWELL,**

        Plaintiff,

v.                                                               Case No.:  8:04-CV-01270-T-17-MSS

**RMC Ewell, Inc., a Florida Corporation,
and RMC INDUSTRIES CORP., a
Delaware Corporation,**

        Defendants.

_____/


## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

This cause comes before this Court on Defendants', RMC Ewell, Inc. and RMC Industries, Corp., Motion for Summary Judgment, filed September 30, 2005 (Dkt. 33), Defendants' Memorandum of Law in Support of their Motion for Summary Judgment (Dkt. 38), and Plaintiff's Response to Defendants' Motion for Summary Judgment, filed on October 18, 2005 (Dkt. 44).  Also before this Court are Plaintiff's, James C. Bothwell, Motion for Partial Summary Judgment, filed October 3, 2005 (Dkt. 37), Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment (Dkt. 38), and Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, filed October 18, 2005 (Dkt. 45).  For the reasons set forth below, Defendants' Motion for Summary Judgment is **GRANTED**, and Plaintiff's Motion for Partial Summary Judgment is **DENIED**.


## BACKGROUND

On June 3, 2004 Plaintiff, James C. Bothwell ("Bothwell"), filed this action against Defendants, RMC Ewell, Inc. ("Ewell"), a Florida corporation, and RMC Industries, Corp.

1

("RMC Industries"), a Delaware corporation (collectively "Defendants") alleging discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.* ("ADEA") and the Florida Civil Rights Act of 1992, Florida Statute § 760.01 *et seq.* ("FCRA"). (Dkt. 1).  Defendants answered the complaint on June 29, 2004 (Dkt. 3), and filed an amended answer to the complaint on July 6, 2004 (Dkt. 4).  Defendants moved for summary judgment on September 30, 2005 (Dkt. 33), and Plaintiff filed a memorandum in opposition on October 18, 2005 (Dkt. 44).  Plaintiff also filed a cross-motion for summary judgment on the retaliation claim on October 3, 2005 (Dkt. 37), and Defendants filed a memorandum in opposition on October 18, 2005 (Dkt. 45).  The following are found to be "facts" for purposes of resolving the cross-motions for summary judgment.

Plaintiff began employment with Ewell on June 4, 1986, as Senior Vice President of Sales for the Western Region.  Plaintiff was born on July 19, 1942, and is presently sixty-three (63) years of age.  At all relevant times, Plaintiff was over 40 years old.  During this time, Ewell was a subsidiary of RMC Industries and was an operator of ready-mix concrete plants, and manufacturer and distributor of concrete products.  In 1994, Plaintiff became Senior Vice President, Western Region Area Manager, and assumed responsibility for all of Ewell's business units in the Western Region, including sales, operations, and dispatch.  Plaintiff received high performance evaluations and merit bonuses from his superiors at Ewell through 1998, and salary increases through February 2002.

In late 2002, Ewell began a process of restructuring and merging into a single entity with RMC South Florida Group, Inc. ("RMC South Florida"), another subsidiary of RMC Industries.  The restructuring was completed in January 2004 and the companies became RMC Florida Group, Inc. ("RMC Florida").  During the merger process, Frank Leone, the then-President of Ewell, was critically ill, and managed Ewell with the assistance of Richard Buckelew, the then-President of RMC South Florida.

In October 2002, Leone met with Plaintiff to discuss the merger and restructuring.  According to Plaintiff, Leone told him that he was "going to shake things up."  Plaintiff also alleges that at some unspecified point and time, Leone told him that he wanted "younger blood" in sales, and that Plaintiff was "slowing down" and "did not have the fire" he had when he was younger.  Plaintiff clarified in his deposition that Leone's statement about "younger blood" was

not directed toward him, but was actually in reference to Plaintiff's subordinates.

As part of the restructuring, Leone and Buckelew decided to consolidate the Eastern and Western regions. Soon after, also in October 2002, Leone and Buckelew assigned Plaintiff to be Senior Vice President of Operations for the Eastern and Western Regions. Plaintiff's new position made him responsible for the overall management of the operations of Ewell's ready-mix concrete plants and its concrete truck drivers.

In January 2003, and also as part of Ewell's restructuring, Buckelew consolidated Ewell's dispatch functions and reorganized them under the sales function of the company. Prior to this change, dispatch had been supervised by the vice presidents of each region independently, which the company claims resulted in inconsistent operations and philosophies. This consolidation resulted in the creation of a new position, Dispatch Manager, to which Lee Proffitt, who was under 40 years old, was assigned. Plaintiff alleges that these duties were stripped from him because of his age, and that Mr. Proffitt and other management undermined his authority by meeting with Plaintiff's subordinates without his knowledge. Plaintiff alleges that these events caused him to believe that he was being discriminated against because of his age, and led him to contact his attorney out of fear that he would lose his job. During this time, several of Plaintiff's subordinates had complained to his supervisors of the Plaintiff's poor performance and poor management skills. In addition, there were several occasions where Plaintiff was told by Leone, and he concedes, that his region was not performing well.[1]

In response to these changes, Plaintiff sent a letter from his attorney to Leone on March 19, 2003, informing Leone that he believed he was being discriminated against based on his age. In the letter, Plaintiff also sought an employment contract or a severance agreement. According to Plaintiff, after receiving the letter, Leone told him that he had "lost all respect" for him because of the letter. Leone made no employment decisions regarding Plaintiff after receiving the letter. Three weeks after receiving the letter, Leone succumbed to his illness and died. Buckelew became Leone's successor and made all subsequent decisions regarding Plaintiff's employment.

---

[1] In his deposition, Plaintiff states that Leone expressed that he was "sick and tired of problems with [his] personnel in the Western Region." (Ex. #2 for Dkt. 54, p. 6).

In July 2003, Buckelew consolidated the head of operations for Ewell and RMC South Florida. This new position, Vice President of Operations, was expanded to include the management of paver and cement block operations. Buckelew asserts that because of the reorganization of the position, he decided to give the position to Mr. Dennis Upchurch, who is younger than Plaintiff. Upchurch had a long tenure with RMC Industries and several years of experience with the paver industry. Plaintiff had no prior experience with the paver and cement-block business.

Plaintiff was then transferred to a "special projects" position by Buckelew. This position had no official title, job duties, or management of subordinate personnel. However, Plaintiff received the same salary and benefits he had received as Vice President of Operations for the Eastern and Western Regions. According to Buckelew, this was a temporary position designed to provide Plaintiff with employment while management evaluated whether there was a position for him in the newly restructured company. Plaintiff did not apply for any other positions in the company, nor did he inquire as to any other positions while he was assigned to special projects.

In August 2003, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on his age. In November 2003, Plaintiff was formally notified that because Defendants were unable to find a permanent position for him in the newly merged company, his employment was to be terminated effective January 1, 2004.

## STANDARD OF REVIEW

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-324 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is no genuine issue of material fact if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The evidence presented must be construed in favor of the non-moving party, and that party must receive the benefit of all

favorable inferences that can be drawn from that party's evidence. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

## DISCUSSION

The ADEA makes it "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff alleging disparate treatment in violation of the ADEA must demonstrate that age actually motivated the employer's decision. *Reeves v. Sanderson Plumbing Products, Inc.* 530 U.S. 133, 141 (2000).

To evaluate ADEA claims that are based upon circumstantial evidence of discrimination and retaliation, this Court must use the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). *See Reeves,* 530 U.S. at 142; *see also Reynolds v. CLP Corp.*, 812 F.2d 671, 674-75 (11th Cir. 1987) (noting that the *McDonnell Douglas* test is applicable in ADEA cases). Under this framework, a plaintiff has the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. "Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Id*.

The burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Id.* The defendant's burden is merely one of production and is met "if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." *Burdine*, 450 U.S. at 254-255. If the defendant proffers a non-discriminatory reason for its action against the plaintiff, the presumption of discrimination is eliminated and the burden shifts again to the plaintiff to provide admissible evidence sufficient to permit a reasonable fact-finder to conclude that the reasons given by the employer were pretextual. *Id.* at 255-56.

## I. DISCRIMINATION

Defendants argue that there is no genuine issue of material fact as to the discrimination claim, and that they are, therefore, entitled to summary judgment. Plaintiff has failed to demonstrate that there is a genuine issue of material fact regarding the discrimination claim.

**A. Prima Facie Case of Discrimination**

In order to establish a prima facie case of age discrimination based on circumstantial evidence, a plaintiff must satisfy a four part test: (1) that plaintiff was a member of the protected group of persons between the ages of forty to seventy; (2) that plaintiff was subjected to adverse employment action; (3) that plaintiff was qualified to do the job; and (4) that plaintiff was replaced by or otherwise lost a position to a younger individual. *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (citing *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1207-08 (11th Cir. 1997)).

Plaintiff has established a prima facie case of age discrimination. First, Plaintiff, born on July 19, 1942, was clearly a member of the protected age group between forty and seventy when the complained of events occurred. As to the second element, Plaintiff and Defendants disagree as to what events actually constituted the adverse employment action. Defendants treat the adverse employment action as the following three separate actions: (1) the decision to make Plaintiff Senior Vice President of Operations, as opposed to Sales; (2) the decision to reassign Plaintiff's job duties to younger individuals; and (3) Plaintiff's transfer to "special projects" culminating in his termination. (Dkt. 38). The Court, however, agrees with the Plaintiff on this issue, and finds that the totality of circumstances leading up to Plaintiff's termination constitute the adverse employment action. The Court, therefore, finds that Plaintiff has established the second element of age discrimination by showing that he suffered an adverse employment action when his dispatch duties were transferred to Proffit, when he was demoted from the Vice President of Operations position to the "special projects" position and replaced by Upchurch in July 2003, and when he was ultimately terminated in November 2003, effective January 2004.

Third, Plaintiff was qualified for the dispatch duties and the position of Vice President of Operations from which he was transferred. In age discrimination cases, the Eleventh Circuit focuses on the plaintiff's "skills and background to determine if they were qualified for a particular position." *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1360 (11th Cir. 1999) (quoting *Clark v. Coats & Clark*, 990 F.2d 1217, 1227 (11th Cir. 1993)). A

plaintiff is not required to show proof of qualification in establishing a prima facie case. *Young v. General Foods Corp.*, 840 F.2d 825, 830 (11th Cir. 1988) (citing *Rosenfield v. Wellington Leisure Products, Inc.,* 827 F.2d 1493, 1495 n. 2 (11th Cir.1987)).  The Eleventh Circuit has inferred that a plaintiff who has had a long tenure at a certain position is qualified to hold that position. *Clark*, 990 F.2d at 1227 (inferring a plaintiff's job qualifications from twenty-five years of experience); *see also Pace v. Southern Railway System*, 701 F.2d 1383, 1387 n. 7 (11th Cir. 1983) (noting that a plaintiff's job qualification for a position can be inferred from his holding such position "for a significant period of time").

Plaintiff enjoyed a long tenure of more than eighteen (18) years in a vice president position with Defendants' company during which he received numerous bonuses and salary increases.  During most of those eighteen (18) years, Plaintiff also managed dispatch duties for his region.  The Court infers that Plaintiff was qualified for the duties and positions which he lost.[2]

Defendants concede that Plaintiff has established the fourth and final element of the prima facie case; Plaintiff was replaced by younger individuals.  Both Proffitt and Upchurch are younger than Plaintiff.

**B.  Defendants' Proffered Legitimate Business Reason**

Since Plaintiff has established a prima facie case of discrimination, Defendants' proffered nondiscriminatory reasons for the transfer and subsequent termination of Plaintiff must be considered.[3] *Damon*, 196 F.3d at 1361.  The Eleventh Circuit has held that a defendant may terminate an employee for a good or bad reason without violating federal law. *Id.* (citing *Elrod v.*

---

[2] Any allegations of poor performance made by Defendants to assert Plaintiff was unqualified are not considered in determining whether Plaintiff has established a prima facie case. *Clark*, 990 F.2d at 1227.  Such allegations of poor performance are considered when a court evaluates the pretextual nature of an employee's offered nondiscriminatory reasons for termination. *Id.*

[3] In his Response to Defendants' Motion for Summary Judgment, Plaintiff urges the Court to deny summary judgment on his discrimination claim based on an incorrect assertion that "summary judgment generally is not granted when the plaintiff has established a prima facie case." (Dkt. 44, p. 6).  While there had been a previous lack of clarity on whether summary judgment was appropriate in employment discrimination cases, the Eleventh Circuit has considered and clarified this issue.  The Court has held that "the long and short of it is that the summary judgment rule applies in job discrimination cases just as in other cases.  No thumb is to be placed on either side of the scale." *Chapman v. AI Transport*, 229 F.3d 1012, 1026 (11th Cir. 2000) (following the Supreme Court's reiteration that "trial courts should not treat discrimination differently from other ultimate questions of fact" in *Reeves,* 530 U.S. at 148.)

*Sears, Roebuck and Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991)).  It is not the Court's job to determine whether Defendants' employment decisions are right or fair, but whether such decisions were motivated by age discrimination. *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir. 1984).  In the present case, Defendants have clearly offered legitimate, non-discriminatory reasons for demoting and ultimately terminating Plaintiff.

Defendants state that the restructuring of Ewell entailed the creation of new positions and the reorganization of existing positions.  The Dispatch Manager position was a newly created position designed to deal with the changing structure of Defendants' company.  In addition, Defendants argue that Plaintiff was no longer qualified for the newly-restructured Vice President of Operations position once it was restructured and redesigned to include operations with which Plaintiff had no experience.  Defendants allege that, therefore, Upchurch was selected for the position because he was more qualified and had experience with the new operations.  In addition, Defendants assert that Buckelew believed Plaintiff was further unqualified for the position because of a history of mismanagement and complaints about his performance from Plaintiff's subordinates and colleagues.  Finally, Defendants assert that Plaintiff's termination was a result of a lack of positions available for him at the company after its restructuring.

## C. Pretext

Since Defendants have offered nondiscriminatory reasons for the transfer and termination of Plaintiff, Plaintiff now bears the burden of offering significant probative evidence for a jury to conclude that Defendants' reasons are a mere pretext for age discrimination. *Damon*, 196 F.3d at 1361 (citing *Bogle v. Orange County Bd. of County Comm'rs*, 162 F.3d 653, 658 (11th Cir. 1998); *see also*, Isenbergh v. Knight-Ridder Newspaper Sales, Inc.*, 97 F.3d 436, 443-444 (11th Cir. 1996)).  "A plaintiff may not establish an employer's proffered reason as pretextual merely by questioning the wisdom of the employer's reason, at least not where . . . the reason is one that might motivate a reasonable employer." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir. 1997); *see also Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997) (holding that "an employee's assertions of his own good performance are insufficient to defeat summary judgment, in the absence of other evidence").  Thus, to survive summary judgment, the plaintiff must provide "sufficient evidence to demonstrate the existence of a genuine issue of fact as to the truth of each of the employer's proffered reasons for its challenged action." *Combs*, 106 F.3d

at 1529.  A plaintiff can meet this burden "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine,* 450 U.S. At 256.

Plaintiff has failed to meet the burden of offering sufficient probative evidence for a jury to conclude that Defendants' reasons are pretextual and that discrimination may have been the motivating reason for Defendants' actions.  In support of Plaintiff's argument that Defendants' proffered reasons are pretextual, Plaintiff makes conclusory statements that the reason is "simply not believable" but fails to offer any supporting evidence.  Plaintiff asserts that Defendants' proffered reason that there was no other position available for him is unbelievable, and, therefore, unworthy of credence, based on Plaintiff's long tenure of good performance with the company.  However, Plaintiff fails to offer any evidence to rebut the Defendants' evidence of the unavailability of a position for Plaintiff or to rebut their evidence of his poor performance.  In his deposition, Plaintiff admits that he did not inquire as to the availability of any other positions, nor was he aware of any other positions for which he may have been qualified.  In addition, Plaintiff states that his superiors had been reasonably disappointed in his performance and/or the performance of his region.

Plaintiff also argues that Defendants' assertions that Plaintiff was unqualified for the newly restructured Vice President position and that there was no other position available for him are "inconsistent" and, therefore, create a genuine issue of material fact.  While inconsistencies may cast doubt upon a defendant's proffered reason,[4] Plaintiff has failed to convince the Court that these assertions are in fact inconsistent.  Defendants were restructuring their company which entailed changing the duties of certain managerial positions.  This is not inconsistent with the notion that upon changing such duties, Plaintiff was no longer qualified for the position or for any other positions in the company.  Further, Plaintiff does not challenge Defendants' assertions that he was less qualified than his replacements.  In fact, Plaintiff admits in his deposition testimony that he was unaware of the availability of other positions for which he may have been qualified and that he had no knowledge of his replacements' qualifications.

---

[4]*See George v. GTE Directories Corp.*, 195 F.R.D. 696, 701 (M.D. Fla. 2000) (holding that "a reasonable jury could find that inconsistent reasons cited for Plaintiff's termination were pretextual").

In addition, Plaintiff makes several allegations in his Complaint which he does not offer in support of his argument for pretext and for which he fails to provide any evidence. (Dkt. 1). First, Plaintiff offers Leone's comments that he wanted "younger blood in sales," that Plaintiff "didn't have the same fire," and that he had "lost all respect for [Plaintiff]." Plaintiff does not provide these statements in his memorandums in support of his argument for pretext. In any event, these statements would fail to support his claim because Leone was not a decision-maker for the adverse actions at the center of Plaintiff's claims. "Statements by non-decision-makers, or statements by decision-makers unrelated to the decisional process" at issue will not satisfy the employee's burden." *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989). Additionally, Plaintiff admits that Leone's comment regarding "younger blood in sales" was not directed toward Plaintiff, but toward his subordinates. However, at the time Plaintiff was demoted and fired, Leone was deceased and no longer a decision-maker.

Plaintiff makes several other allegations in his Complaint for which he fails to provide any evidence. He alleges that younger employees were retrained and redeployed; however, Plaintiff offers no evidence in support of this allegation and states in his deposition that he was unaware if any other employees received retraining. Further, while Plaintiff asserts in his complaint that there was a "pattern and practice of systematically forcing older employee's out of employment and replacing them with younger employees," Plaintiff offers no admissible evidence, in fact no evidence whatsoever, to support this claim. Plaintiff also asserts that the Defendants' subjective rating criteria for job performance had a disparate impact on older individuals in violation of § 623 of the ADEA, but, again, he fails to offer any evidence to support this.

Finally, throughout his deposition testimony, Plaintiff states that he did not know of any discriminatory intent on the part of Defendants, and that his belief that he was discriminated against is ultimately based on the fact of his age and that he suffered adverse employment

actions.[5]  Because Plaintiff failed to produce sufficient evidence for a reasonable fact-finder to conclude that Defendants' proffered nondiscriminatory reason was pretextual, the Defendants are entitled to summary judgment on the discrimination claim.

## II. RETALIATION

In their Motion for Summary Judgment, Defendants argue that there is no genuine issue of material fact regarding Plaintiff's claim for retaliation, and that Defendants are entitled to judgment against Plaintiff as a matter of law.  Plaintiff has also filed a Motion for Partial Summary Judgment asserting that no genuine issue of material fact exists regarding his retaliation claim, and that Plaintiff, rather than Defendants, should be entitled to judgment against the Defendants as a matter of law.

In order for Plaintiff to succeed in his current claim of retaliation under the ADEA, he must show that: (1) he engaged in a statutorily-protected expression, (2) he suffered an adverse employment action, and (3) there is some causal relation between the two events. *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457 (11th Cir. 1998), *see also Macean v. City of St. Petersburg*, 194 F. Supp. 2d 1290 (M.D. Fla. 2002).  In their motion, Defendants assert that Plaintiff has failed to establish each element of this claim, but later concede that the Plaintiff has met his burden as to the first two elements.  In his cross-motion, Plaintiff asserts that there is no genuine issue of material fact as to the retaliation claim in its entirety.  As such, at issue is only whether there is a

---

[5]Q: Did anything happen or can you recall anything that makes you believe they were age-based, that is?
A: No.
. . .
A: As I said before, it was the composite of a number of incidents that led me to believe it - I was let go because of my age.
Q: The fact that this happened and your age?
A: Exactly.
Q: Anything else that led you to believe it was because of your age?
A: No.
. . .
Q: Do you believe this decision to remove you out of that position and place Dennis Upchurch into that position – assuming the position remained the same, of course – do you believe that decision was in retaliation for you having made a complaint of age discrimination?
A: Yes.
Q: What makes you believe that?
A: That I was eventually fired.
Q: But what makes you think it's retaliation?
A: I was fired. (Ex. #6 for Dkt. 35).

causal link between the statutorily-protected expression and the adverse employment action.

Defendants assert that Plaintiff cannot prove that his statutorily-protected expression had a causal connection to his demotion and eventual termination. "To prove a causal connection, we require a plaintiff only to demonstrate 'that the protected activity and the adverse action were not wholly unrelated'." *Farley v. Nationwide Mut. Ins. Co.*, 193 F.3d 1322, 1337 (11th Cir. 1999). "At a minimum, a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took adverse employment action. The defendant's awareness of the protected statement, however, may be established by circumstantial evidence." *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999) (quoting *Goldsmith v. City of Amore*, 996 F.2d 1155, 1163 (11th Cir. 1993) (internal citations omitted)). "We have plainly held that a plaintiff satisfies this element if he provides sufficient evidence that the decision-maker became aware of the protected conduct, and that there was a close temporal proximity between this awareness and the adverse employment action." *Farley*, 197 F.3d at 1337.

As to the temporal proximity element, courts have stated that, "if there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law." *Higdon v. Jackson*, 393 F.3d 1211, 1220-21 (11th Cir. 2004) (3-month delay too long to reasonably infer causation); *see also Wascura v. City of S. Miami*, 257 F.3d 1238, 1245 (11th Cir. 2001) (finding that a three and one-half month period between the employee's protected conduct and the adverse employment action, standing alone, was insufficient to show that the defendant's articulated reasons were pretextual).

Plaintiff engaged in a statutorily-protected expression when he initially notified his superior through his attorney's letter that he felt he was being unlawfully discriminated against because of his age on March 19, 2003, and when he filed a complaint with the EEOC in August, 2003. Plaintiff suffered adverse employment actions when he was transferred from the Vice President of Operations position to the "special projects" and when he was notified of his termination, in July 2003 and November 2003, respectively. Thus, Plaintiff was demoted from the Vice President position close to four (4) months after his previous superior received the complaining letter. He was notified of his termination eight (8) months after receipt of the letter,

and three (3) months after filing the EEOC charge.  Plaintiff has failed to proffer any evidence other than the four and three month delays between the protected expressions and the adverse employment actions in support of this element.  Therefore, Plaintiff has not met his burden of showing causation, and has failed to establish a prima facie case of retaliation.
Accordingly, it is

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. 33) be **GRANTED**, and Plaintiff's Motion for Partial Summary Judgment (Dkt. 37) be **DENIED**, and the Clerk of Court is **directed** to enter judgment for the defendants and close this case.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 20th day of June 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record